66 P.3d 70

**STATE of Arizona ex rel. the DEPART-MENT OF ECONOMIC SECURITY (Nancy Catherine Swart), Petitioner–Appellee,**

v.

**Bruce Franklin BURTON, Respondent–Appellant.**

No. 1 CA–CV 02–0497.

Court of Appeals of Arizona, Division 1, Department D.

March 13, 2003.

Redesignated as Opinion and Publication Ordered April 10, 2003.

Janet Napolitano, Former Attorney General, Terry Goddard, Attorney General by Bernadette Antaki Michaud, Assistant Attorney General, Phoenix, Attorneys for Petitioner–Appellee.

Bruce Franklin Burton, Santa Barbara, CA, In Propria Persona.

## OPINION

GRANVILLE, Judge.[1]

¶ 1 Bruce Franklin Burton ("Father") appeals from the trial court's order enforcing child support and its related order of contempt. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Father and Nancy Catherine Swart ("Mother") are the parents of Christopher, who was born out of wedlock in Minnesota in September 1985. By judgment dated June 30, 1987, issued by the Family Court of Blue Earth County, Minnesota, Father was ordered to pay $437 per month in child support commencing on March 1, 1987. Following entry of the Minnesota judgment, Mother and Christopher moved to Arizona, and Father moved to California. On July 2, 2001, the State of Arizona filed a notice registering the Minnesota child support order under the Uniform Interstate Family Support Act ("UIFSA"). On that same day, the State filed a request that child support be modified due to a substantial and continuing change of circumstances, namely that Father was no longer a practicing attorney. By letter dated August 2, 2001, Father wrote the trial court and stated that the petition for modification of child support was filed at his request by the State of Arizona. Father's letter further stated: "Acting *in propria persona,* I hereby request permission from the Court to appear by telephone in the above-referenced matter." The trial court granted Father's request.

¶ 3 Prior to the date set for hearing on the modification of child support, Mother filed a Petition For Order To Show Cause For Contempt Re: Child Support Arrearages and moved to consolidate the hearing on the Petition with the one already scheduled on the modification issue. In response, Father submitted a Motion to Quash Mother's Petition, alleging that the Arizona trial court lacked personal jurisdiction over him. Although Father's motion is neither in the superior court file nor the record on appeal, the State responded and the trial court ruled on it following an oral argument and evidentiary hearing at which Father appeared telephonically. An audiotape was made of this hearing. However, neither the audiotape, nor a transcript of it, was made part of the record on appeal.

¶ 4 Following the hearing, the trial court, in an unsigned minute entry, ruled that it had personal jurisdiction over Father, denied the request for modification, and found Father in contempt for failure to pay child support.

¶ 5 Father then apparently submitted a Motion for Rehearing. Again, although this

1. The Honorable Warren J. Granville, Judge Pro Tempore of the Court of Appeals has been authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Arizona Constitution, Article 6, Section 31, and A.R.S. §§ 12–145 to –147 (1992 and Supp.2002).

Motion for Rehearing is neither in the superior court file nor the record on appeal, the State responded and the trial court denied it in an unsigned minute entry. Father filed a notice of appeal.

¶ 6 A formal Enforcement Judgment and Order was entered on July 22, 2002. The court found that Father had submitted to the jurisdiction of the Arizona court by requesting that the court modify the child support order and participating in the hearing on support issues. The court further awarded Mother a judgment for arrearages in the principal amount of $72,470 and interest of $40,446.03. Finally, the court found that Father was in contempt for failure to pay child support, and ordered that to purge the contempt, he would be required to pay a lump sum of $1000 and timely pay $437 per month for the next twenty-four months.

## DISCUSSION

### A. Personal Jurisdiction Over Father

■ ¶ 7 Although Father acknowledges that he appeared at the hearing in support of a modification of child support, a hearing that he also admits he requested for his own benefit, he argues that he was not a party to the proceedings and that the Arizona court lacked personal jurisdiction over him. Father cites *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), and *In re Marriage of Aron*, 224 Cal.App.3d 1086, 274 Cal.Rptr. 357 (1990) in support of his position. We disagree.

■ ¶ 8 We review the issue of the trial court's jurisdiction over the person de novo. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991). In a proceeding to establish, enforce, or modify a child support order under UIFSA, an Arizona court may exercise personal jurisdiction over a non-resident if that individual submits to the court's jurisdiction by consent, enters a general appearance, or files a responsive document having the effect of waiving a contest to personal jurisdiction. Ariz.Rev.Stat. ("A.R.S.") § 25–623(A)(2) (2000). Our courts have construed the term "appearance" liberally. Indeed, any action on the part of a party except to object to personal jurisdiction that recognizes

the case as in court will constitute a general appearance. *Tarr v. Superior Court*, 142 Ariz. 349, 351, 690 P.2d 68, 70 (1984); *Austin v. State ex rel. Herman*, 10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969).

¶ 9 Moreover, although participation by a petitioner in a proceeding in Arizona does not confer personal jurisdiction over that individual as to unrelated claims (such as custody and visitation), it does as to all issues encompassed within the support action. A.R.S. § 25–639(A) (2000); *see also* Unif. Family Support Act § 314 cmt. (1996), 9 U.L.A. 326 (Supp.2001); *Ibach v. Ibach*, 123 Ariz. 507, 510, 600 P.2d 1370, 1373 (1979). *Kulko* and *Aron*, cited by Father, are not to the contrary.

¶ 10 In *Kulko*, the United States Supreme Court found that it would violate due process for the State of California to exercise personal jurisdiction over a non-resident father absent a sufficient connection between the father and the forum state. 436 U.S. at 86, 98 S.Ct. 1690. In contrast to *Kulko*, Father requested the Arizona court to modify child support on his behalf, asked to appear at the hearing, and did appear and participate telephonically.

¶ 11 *Aron* helps Father even less. The *Aron* court held that once personal jurisdiction is conferred by consent under UIFSA, the court has jurisdiction over that person to decide all issues bearing on support: "Support is support, whether retroactive or prospective, and one would reasonably expect to air and resolve all support claims in a single forum." 274 Cal.Rptr. at 362–63.

¶ 12 We agree with the trial court that Father consented to personal jurisdiction by purposely availing himself of the Arizona courts to seek a downward adjustment in child support and participating in a hearing on the issue. By placing the issue of support before the Arizona court, Father submitted to the court's jurisdiction as to all issues concerning support, including its enforcement.

### B. Denial of the Request for Modification

■ ¶ 13 Father also claims that the trial court erred in denying the request to modify

child support. Father alleges that he is disabled, that his only income consists of $750 per month in Supplemental Security Income ("SSI"), and that he is therefore without sufficient resources to make a monthly child support payment of $437.

¶ 14 The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999). An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision. *Id.*

¶ 15 Here, Father has failed to provide an audiotape or transcript of the trial court's modification hearing for our review. Moreover, the letter from the Social Security Administration regarding SSI payments that he attaches to his Reply Brief is not part of the record before us on appeal. All we have are the trial court's findings concluding that Father failed to provide child support, was aware of arrearages of more than $60,000 at the time of the hearing, and had presented no evidence in support of a continuing and substantial change in circumstances to justify a modification in child support.

¶ 16 An appellant is responsible for making certain that the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal. Ariz. R. Civ.App. P. 11(b) (appellant is responsible for ordering all relevant transcripts). When a party fails to do so, we assume the missing portions of the record would support the trial court's findings and conclusions. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App.1995). Because Father did not identify or provide a transcript or anything else in the record to support his position on this issue, we can find no abuse of discretion in the trial court's decision to deny the requested modification of child support.

### C. The Contempt Order

¶ 17 Father also appeals from the trial court's order finding him in contempt for failure to make child support payments and directing that he pay a lump sum of $1000, as well as make timely support payments of $437 per month for twenty-four months in order to purge himself of such contempt.

¶ 18 This court lacks jurisdiction over an appeal from a civil contempt adjudication. *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35, 36 P.3d 749, 759 (App.2001); *Elia v. Pifer*, 194 Ariz. 74, 80, ¶ 30, 977 P.2d 796, 802 (App.1998). In the exercise of our discretion, however, we elect to treat Father's appeal from the contempt order as a petition for special action and accept special action jurisdiction. *See Danielson, id.*

¶ 19 Section 25–634(D)(5) (2000) of UIFSA allows a responding tribunal to enforce its orders by means of civil or criminal contempt, or both. Although the record before us is scant, it is clear that Father was ordered to pay $437 a month in child support in 1987, was a practicing attorney for most of the years since, and has paid little or no support for his child.

¶ 20 The trial court made specific findings that Father had failed to make support payments as previously ordered, or some reasonable portion thereof, despite his ability to do so and that Father had the ability to pay the purge amounts ordered. Again, because Father has provided no record that demonstrates otherwise, we assume that the trial court's conclusions were supported by the record before it. *See Baker*, 183 Ariz. at 73, 900 P.2d at 767. Under these circumstances, we do not believe that the trial court erred in finding Father in contempt for non-payment of child support.

### CONCLUSION

¶ 21 The trial court's judgment and contempt order are affirmed. The State's Motion to Expedite Decision is denied as moot.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and SHELDON H. WEISBERG, Judge.