NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SYMANTHA MENDENHALL, *Petitioner/Appellee,*

*v.*

GUILLERMO E. VILLA, III, *Respondent/Appellant.*

No. 1 CA-CV 15-0015 FC
FILED 1-14-2016

Appeal from the Superior Court in Maricopa County
No. FC2011-002030
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Symantha Mendenhall, Mesa
*Petitioner/Appellee*

Guillermo E. Villa, III, Goodyear
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

¶1        Guillermo E. Villa, III, ("Father") appeals an order modifying child support and finding him in contempt for failing to pay child support.  For the reasons below, we affirm the modification of the child-support order.  We lack jurisdiction over the contempt finding.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Symantha Mendenhall ("Mother") divorced by consent decree in 2012.  The court granted joint custody of the parties' one child ("Child"), and ordered Father to pay a deviated amount of $430 per month in child support payments and unpaid past support.  In January 2013, Father petitioned the court to increase his parenting time and reduce his child support payments to $200.25, but the court denied both requests, finding no substantial change warranting modification.

¶3        In March 2014, Mother petitioned the court for modification of child support, enforcement of child support, and contempt, claiming Father failed to make the ordered child support payments.  Mother alleged that both she and Father had changes in income, and Child's health insurance costs had increased.  Because the original order did not make any provision for child-care costs, Mother sought to include this cost in the new calculation.  Mother requested that the court increase Father's support payments to $811 per month without child care or $976 per month with child care.

¶4        Father moved to dismiss the petition, contending that his job had not changed since the original child support order was entered and that there was no basis at law to increase his payments.  He also claimed that he had substantially met his child support obligations, and the contempt request should be dismissed as well.  Father filed a second motion to dismiss, contending that he had not received financial information from Mother, and that he was therefore not in a position to participate adequately in the modification hearing.  The court denied the motions and set a modification hearing.

**¶5**        The family court conducted a modification hearing in August 2014; both Father and Mother testified.  The court found that both Father and Mother had changed jobs and those changes constituted substantial and continuing changes warranting modification.   While Father did not provide sufficient information to enable the court to determine his income precisely, the court found his annual income had been between $50,000 and $60,000 for several years and therefore attributed $50,000 as Father's annual income.  The court also attributed part-time minimum-wage income to Mother.  As a result, Father's support payments were increased to $875 per month as of November 1, 2014, including payments for full-time child care.  Finally, the court found Father in contempt of court for failing to make past support payments and ordered two payments to purge the arrearages, totaling $3,041.20.  Father filed a notice of appeal.

**¶6**        In February 2015, on Mother's motion, the court applied the modification retroactively to all payments from May 1, 2014, to November 1, 2014.  This added $475 in arrearages for each month from May through November, totaling $2,850 and increasing Father's monthly payment by $75.

## DISCUSSION

**¶7**        Father contends that the court erred by attributing $50,000 in income to him and increasing his support obligation accordingly.  He also contends that his income is earned from working more than 85 hours per week at several jobs and that the court should only attribute his income from his regular full-time job.  He also argues that Mother's part-time employment could not justify full-time child care.  He further argues that the court erred by finding him in contempt of court -- he asserts that he did not fail to pay support because of frivolous spending but rather because he has had difficulty paying his living expenses.  Finally, he protests the retroactive application of the modification from May 2014 to November 2014, resulting in arrearages of $2,850.

**¶8**        First, we do not address Father's contention that the court erred by finding him in contempt.  This court has no jurisdiction over an appeal from a civil contempt judgment.  *State ex rel Dep't Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003).  Any challenge to a finding of contempt must be presented by way of special action.  *See id*.  Second, the court imposed the additional arrearage payment of $75 through its February 4, 2015 order, not the November 4, 2014 order from which Father appeals.  Because Father did not timely appeal from the February 4, 2015 order, we lack jurisdiction to review it on appeal, *see* ARCAP 9(a); further,

we decline to convert Father's untimely appeal into a petition for special action.

**¶9**　　　　We do, however, have jurisdiction to review the child support modification order.  *See* A.R.S. § 12-2101(A)(1).  The court may modify a child support order when a party demonstrates "changed circumstances that are substantial and continuing."  A.R.S. § 25-327(A).  We review the court's modification of child support for an abuse of discretion.  *Burton*, 205 Ariz. at 30, ¶ 14.  And we will not disturb the family court's decision unless the record is "devoid of competent evidence to support the decision."  *Id.*

**¶10**　　　　Father argues that the evidence does not support the court's order modifying child support, but he did not submit a hearing transcript in support of his appeal.  It is the appellant's responsibility to provide a transcript of the relevant proceedings.  ARCAP 11(c)(1)(A)-(B).  When a party fails to provide the transcripts necessary for us to consider the issues raised on appeal, we are required to assume the evidence supports the family court's findings and conclusions.  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).  Without a transcript of the modification hearing, we have no record of the evidence presented and cannot determine whether the entire record supports the decision.  The existing record on appeal, however, does not contain evidence contrary to the court's findings.  Accordingly, on this record, Father has not shown that the evidence fails to support the court's order modifying child support.

**CONCLUSION**

**¶11**　　　　For the foregoing reasons, we affirm the modification of the child support order.



Ruth A. Willingham · Clerk of the Court
FILED: ama