NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SHIRLEY ANNE LEWIS, *Petitioner/Appellee*,

*v.*

MARTIN DANIEL LYNCH, *Respondent/Appellant*.

No. 1 CA-CV 15-0724 FC
FILED 9-20-2016

Appeal from the Superior Court in Maricopa County
No. FC2011-002533
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Shirley Anne Lewis, Chandler
*Petitioner/Appellee*

Martin Daniel Lynch, Tempe
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

**W I N T H R O P**, Judge:

¶1   Martin Daniel Lynch ("Father") appeals the family court's order converting to a judgment an order affirming that Father owes an equalization payment and interest to Shirley Anne Lewis ("Mother"), and denying Father's motions alleging professional misconduct. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   Mother and Father were divorced on June 14, 2012. The decree of dissolution incorporated a May 24, 2012 settlement agreement, which provided that Father would pay Mother $30,000 as an equalization payment within thirty days of signing the settlement agreement. In agreeing to the equalization payment, Father waived any claims he had against Mother, and Mother waived her claims for child support arrearages, previously awarded attorneys' fees, reimbursement for previous child or school expenses, and a portion of the proceeds from the sale of an automobile.

¶3   On June 27, 2012, Mother filed a motion for contempt, alleging, *inter alia*, that Father had failed to pay her the $30,000 equalization payment. After an evidentiary hearing, the court denied Mother's motion for contempt, but found that Father's obligation to pay the equalization payment was past due. After finding that Father had assets in excess of $500,000 and the capability to earn more than $100,000 per year, the court's minute entry indicated judgment was being entered against Father for the $30,000 principal amount plus accumulated interest, and ordered Father to commence making payments in the amount of $1,500 per month starting January 1, 2013.[1]

¶4   In February 2013, Mother filed a petition against Father to enforce the equalization payment obligation. On March 22, 2013, the family court informed the parties that it did not have the authority to enforce "Father's judgment payment," but affirmed the judgment in favor of Mother and against Father.

¶5   In August 2015, Mother filed a motion requesting the family court enter a formal judgment against Father for the equalization payment in the amount of $30,000 plus statutory interest. Father contested the motion but did not dispute his obligation to make the payment. Father also

---

[1]   The court's docket does not reflect the entry of a separate judgment.

filed a motion alleging professional misconduct by individuals involved in the case, and requested the court order a criminal investigation.

¶6            On September 25, 2015, the court granted Mother's motion and, noting that it did not find on the docket a separately entered judgment for the equalization payment, entered an order converting that obligation to a formal judgment, plus interest, against Father.  The court declined to take action on Father's requests for a criminal investigation on the ground that the Arizona Rules of Family Law Procedure did not authorize the court to do so.  Father timely appealed the court's orders.  We have appellate jurisdiction over the family court's order pursuant to Arizona Revised Statutes sections 12-120.21(A)(1) (2016) and 12-2101(A)(1) (2016).

**ANALYSIS**

¶7            An appellant must cite to the record in the opening brief. ARCAP 13(a).  Failure to do so may constitute waiver as to the issues raised. *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 n.2, ¶ 7, 263 P.3d 683, 686 n.2 (App. 2011).  An appellant is also responsible for ordering and providing the court with the transcript of any relevant evidentiary hearing. ARCAP 11(c).  Here, Father did not cite to the record in his brief or provide a transcript of the family court hearing, which may be deemed a waiver. *See Delmastro*, 228 Ariz. at 137 n.2, ¶ 7, 263 P.3d at 686 n.2; ARCAP 11(c).  In the exercise of our discretion, however, we will consider the merits of his arguments.  *See Delmastro*, 228 Ariz. at 137 n.2, ¶ 7, 263 P.3d at 686 n.2 (stating the appellate court may entertain deficient briefs on the merits). But to the extent Father contends that the court's order is contrary to the evidence, we presume that the testimony and other evidence addressed in the missing transcript supports the court's factual findings and conclusions of law.  *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003).

        I.        *Equalization Payment*

¶8            Father contests the family court's order converting the unpaid equalization payment and interest to a judgment against him.[2]  Father argues that the parties' settlement agreement, which was incorporated into the decree and outlined the terms of the equalization payment, should be

---

[2]      Father does not directly refer to the equalization payment in his brief; however, he argues that "all provisions of the Order of September 25, 2015 . . . are not actionable."

vacated because, in his view, it was based upon coercion and undue influence. To the extent Father challenges the terms of the June 2012 decree and the incorporated agreement, however, his appeal is untimely and this court lacks appellate jurisdiction to consider it. *See* ARCAP 9(a) (requiring notice of appeal to be filed within thirty days after the entry of judgment from which the appeal is taken). In short, the time to appeal or otherwise contest the final decree, including Father's equalization payment obligations, has long since passed. Accordingly, this court lacks appellate jurisdiction to review those obligations, which became final long ago.

## II. *Allegations of Criminal Misconduct*

**¶9** Father argues the family court erred by not taking action to address his allegations of criminal misconduct on the part of various professionals. But Father does not allege specific facts or cite to any ruling we have appellate jurisdiction to address. *See* ARCAP 13(a)(7)(A) (providing that appellant's argument must contain "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities, and appropriate references to the portions of the record on which the appellant relies"); *Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117-18, ¶ 9, 357 P.3d 150, 152-53 (App. 2015) (declining to address an appellant's arguments that were not supported with citation to relevant authority). Moreover, if Father believes there has been actionable misconduct, he can provide that information to agencies that have authority to act on such misconduct. Similarly, if Father believes that applicable statutes, rules, and operating procedures of the family court should be changed, his remedy is through the legislature or to submit a rule change petition.[3]

---

[3] Indeed, as evidenced by his petition to create ARFLP Rule 96, Father understands there is a process by which procedural changes are made within the family court system.

## CONCLUSION

**¶10** The family court's order converting the court's prior orders into a judgment is affirmed. Likewise, we affirm the family court's declining Father's request to refer any professionals associated with this case for criminal investigation and/or prosecution. [4]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] We do not address Mother's attempts to raise issues in her answering brief because she has not filed a cross-appeal. *See* ARCAP 8(b).