NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

In re the Matter of:

TIMOTHY CUSICK, *Petitioner/Appellee,*

*v.*

DANETTE GERTH, *Respondent/Appellant.*

No. 1 CA-CV 19-0483 FC
FILED 3-31-2020

Appeal from the Superior Court in Maricopa County
No.  FC2019-094484
The Honorable Brian D. Kaiser, Judge *Pro Tempore*
The Honorable Gregg Gibbons, Judge *Pro Tempore*

**VACATED**

APPEARANCE

Danette Gerth, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1          Danette Gerth appeals the issuance and affirmance of an order of protection and Notice to Sheriff of Positive Brady Indicator ("Brady"), 18 U.S.C. § 922(g)(8)(C)(i)–(ii), entered in favor of Timothy Cusick and his daughter, R.C.  For the following reasons, we vacate the order and quash the Brady notice.

## BACKGROUND

¶2          Gerth and Cusick were in a romantic relationship that appears to have ended a few years ago.  The two never married, and as far as the record shows, they never lived together.  Cusick has a teenage daughter, R.C., with whom Gerth became close.  After the relationship between Gerth and Cusick deteriorated, Cusick filed a petition for an order of protection against Gerth for himself and R.C., alleging the following:

> 4/1/2019 Defendant [provides my] 14 year old daughter with a burner cell phone and instructs her to lie to me to arrange time for Defendant to spend with my daughter. Defendant allows my daughter to smoke marijuana with her daughter. My daughter's counselor has informed me that Defendant is undermining my parenting and alienating my relationship with my daughter, rendering it impossible for me to parent my child effectively.

> 8/17/2018 Defendant attempted to obtain in loco parentis rights for custody/placement & third party visitation. I filed a motion to dismiss and it was granted (FC2018-002291). Since that dismissal was granted (10/23/2018), Defendant has continued to contact my child despite my requests that she refrain from doing so. Defendant actively counsels my daughter to lie to me and deceive me so that Defendant can spend time with my daughter. This scares me for a number of reasons, including the fact that my child is being permitted to

smoke marijuana at Defendant's residence. Defendant also says very negative things about me to my daughter making it hard to maintain an appropriate parent/child relationship with her.

¶3          At the hearing on the petition, the court did not inquire into details beyond those in the petition other than asking how R.C. was able to get to Gerth's residence without permission and asking who R.C.'s counselors were. After this brief discussion, the court did not specifically state what domestic violence offense Gerth had committed or was likely to commit, but nonetheless granted the order of protection for Cusick and R.C., and included Cusick's home, work, and R.C.'s school as the protected locations.

¶4          After Gerth was served with the order, she requested a hearing. Both parties attended the subsequent hearing, conducted by a different judge, and testified about the contents of Cusick's petition. The court found that Cusick had sustained his burden by proving there was reasonable cause to believe Gerth had committed an act of domestic violence or would commit one in the future, specifically, harassment. The court also determined that Brady applies. Gerth timely appealed.

## DISCUSSION

¶5          We review the superior court's grant and continuance of an order of protection for an abuse of discretion, but review questions of law de novo. *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

### A.          The Petition and Initial Hearing Were Insufficient to Support an Order of Protection

¶6          Gerth argues the superior court abused its discretion in issuing the initial order of protection because the petition did not allege any specific domestic violence offense.[1] According to A.R.S. § 13-3602(C)(3), which lists the procedures for obtaining an order of protection, the petition

---

[1]     Cusick did not file an answering brief, and we could regard this failure as a confession of reversible error. Nevertheless, in our discretion, we address the substance of Gerth's appeal. *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

must include a "[s]pecific statement, including dates, of the domestic violence alleged." We agree that Cusick's broad allegations did not specifically refer to any particular domestic violence offense; nor was it clear from those allegations whether any such offense had been or was likely to be committed. *See* A.R.S. § 13-3601. Construed in the light most favorable to Cusick, his petition arguably alleges harassment under A.R.S. § 13-2921, based on Gerth's contact with R.C.

¶7 Before granting the order of protection, the superior court was required to find reasonable cause to believe that Gerth had committed, or may commit, an act of harassment. *See* Ariz. R. Protective Order P. 23(e). The court was required to "review the petition, any other pleadings on file and any evidence offered by the plaintiff, including any evidence of harassment by electronic contact or communication." A.R.S. § 13-3602(E). Cusick presented no additional pleadings or evidence at the initial hearing.

¶8 To establish the domestic violence act of harassment under A.R.S. § 13-2921, Cusick was required to show that Gerth acted in violation of the provisions outlined in Arizona's harassment statute: specifically, that Gerth had the "intent to harass or . . . knowledge that [she was] harassing another person" and "communicate[ed] or caus[ed] a communication with another person . . . in a manner that harasses," or "[r]epeatedly commit[ted] an act or acts that harass another person." A.R.S. § 13-2921(A)(1), (A)(3). Additionally, the Rules of Protective Order Procedure provide that harassment for the purposes of a protective order "means conduct that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed, or harassed and the conduct in fact seriously alarms, annoys, or harasses the person." Ariz. R. Protective Order P. 3(e). Thus, Cusick had the burden to establish that he was objectively and subjectively harassed.

¶9 The petition's brief statement and the comments made at the initial hearing did not develop Cusick's allegations of harassment into specifics that provided reasonable cause to show Gerth's actions fell within the description of the statute. *See* A.R.S. § 13-2921(A)(1), (A)(3). Cusick's claims that Gerth "continued to contact my child," are clearly drawing on specific instances, and yet he did not provide dates, specific descriptions, or other evidence of such contact. Given the lack of evidence, the court erred in granting Cusick's petition.

### B.    The Second Hearing Does Not Establish that Cusick Was Harassed

¶10        Despite the issues with the petition and first hearing, the second hearing offered Cusick an opportunity to further develop and prove his allegations of harassment. The superior court was required to find reasonable cause to believe Gerth had committed or would commit an act of harassment and that the act of harassment would both objectively harass a reasonable person and subjectively harass Cusick. *See* Ariz. R. Protective Order P. 3(e), 23(e). Gerth contends the second hearing did not reveal sufficient evidence to establish a domestic violence offense.

¶11        Cusick alleged in the petition that Gerth continued to contact R.C. despite his request not to, and he testified in the second hearing that Gerth was informed that he "unequivocally" did not want contact between the two. However, he also acknowledged having facilitated two get-togethers between R.C. and Gerth in the months after his declaration that he did not want contact between them. And, after allowing R.C. and Gerth to meet, Cusick testified he did not reiterate to Gerth that she was to have no contact with R.C., but rather, only told R.C. not to contact Gerth. Cusick's claims that at one moment Gerth's contact with R.C. is permissible but at the next moment Gerth knew she was harassing Cusick by her contact with R.C. are inconsistent; such claims do not establish that Cusick was subjectively harassed. *See* Ariz. R. Protective Order P. 3(e). Nor do they establish that Gerth knowingly or intentionally harassed Cusick. *See* A.R.S. § 13-2921(A). As a result, the record lacks support for the superior court's order upholding the order of protection.[2]

---

[2]        We also note that the superior court's decision to issue a Brady notice is not supported by the record. "The judicial officer must ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons." Ariz. R. Protective Order P. 23(i); *see* A.R.S. § 13-3602(G)(4); *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 20 (App. 2014). Only then may the court include a Brady notice restricting a defendant's access to firearms. A.R.S. § 13-3602(G)(4). The court made no such inquiry here, so Brady cannot apply.

## CONCLUSION

¶12        We vacate the order of protection and quash the Brady notice.



AMY M. WOOD • Clerk of the Court
FILED:   AA