NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JUSTIN FREITAS, *Petitioner/Appellant*,

*v.*

RAYNA GRAHAM, *Respondent/Appellee*.

No. 1 CA-CV 22-0446 FC
FILED 1-31-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-006749
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Justin Freitas, Peoria
*Petitioner/Appellant*

Rayna Graham, Phoenix
*Respondent/Appellee*

------------------------

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Chief Judge Kent E. Cattani joined.

------------------------

**M c M U R D I E**, Judge:

¶1          Justin Freitas ("Father") appeals from the superior court's order over legal decision-making, parenting time, and child support. He argues that the superior court erred by not considering his evidence at trial. We find no error and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Rayna Graham ("Mother") and Father have one biological child in common ("Child"), born in 2016. Mother and Father were not together as a couple at Child's birth. Though Father visited the hospital the day Child was born, following a disagreement at the hospital, Mother and Father had no further contact until Child was four years old.

¶3          Father petitioned to establish paternity in November 2021, seeking an order for legal decision-making and parenting time. Mother responded by seeking sole legal decision-making and child support. At the pretrial conference, the parents stipulated to paternity, and the court held an evidentiary hearing to address parenting time, legal decision-making, and child support.

¶4          After considering "the demeanor of the witnesses, . . . the exhibits as well as the case history, and . . . the parties' arguments and agreements," the superior court made factual findings and issued its order. The order addressed the best-interest factors under A.R.S. § 25-403(A) and "all factors that are relevant to the child's physical and emotional well-being." The court noted that a child's best interests is the primary consideration when awarding legal decision-making authority and parenting time. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003). The court acknowledged that "absent evidence to the contrary, 'it is in a child's best interest: (1) To have substantial, frequent, meaningful and continuing parenting time with both parents[; and] (2) To have both parents participate in decision making about the child.'" *See* A.R.S. § 25-103(B).

¶5        The court noted that Mother and Father could not agree on a parenting plan. It found that "Joint Legal Decision Making may be logistically possible in time . . . at present, the Parties have no history of the meaningful or significant communication necessary to successfully co-parent." The court found Mother "has a close and bonded relationship with Child." And Child is "close to Mother's extended family" but "has not met Father's family." The court also noted Mother's concern that "Child does not know Father" and her request for a graduated parenting plan to ensure Child's best interests.

¶6        The court awarded sole legal decision-making to Mother but advised her that Father is still entitled "to have access to information and documentation" related to Child. The court found that Father is entitled to "reasonable parenting time," but because "Father has not exercised significant or consistent Parenting Time with Child at any stage of her life," it ordered a "graduated schedule" that would increase Father's parenting time through three phases "to permit Father and Child to adjust to consistent Parenting Time." Finally, the court adopted the child support calculation per the Guidelines, obligating Father to pay $574 per month with another $20 per month until the past support balance of about $4,000 is paid in full.

¶7        Father appealed the order, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8        We view the facts "in the light most favorable to sustaining the superior court's order." *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017). We will affirm the superior court's fact-finding unless it is clearly erroneous. *See* Ariz. R. Fam. Law P. ("ARFLP") 82(a)(5). We give "due regard" to the court's witness credibility assessments. *Id.*

¶9        First, Father argues that we should reverse the superior court's order for child support because "[his] financial situation was not up to date at the time the ruling on child support was made." He claims that "[d]espite . . . having mailed the evidence and placing evidence in collection box," he "was never allowed or asked to display" evidence of a recent vehicle purchase with a $390 monthly payment.

¶10        But no matter if the superior court considered the vehicle expense (for which Father provides no evidence), any such expense is not relevant to determining child support. *See* A.R.S. § 25-320 app. ("Guidelines") § I.C.2–3 ("The child support obligation has priority over all

other financial obligations. . . . Non-support financial obligations generally do not affect the child support obligation except as provided in these Guidelines."); *see also* A.R.S. § 25-320 (2021) ("The child support obligation has priority over all other financial obligations; the existence of non-support-related financial obligations is generally not a reason for deviating from the guidelines."). Father's vehicle expense is not an exception, and even if considered, it would not decrease his child support obligations.

¶11        Father also argues that the child support order is unjust because he has had another child, born after the ruling, whose hospital expenses are "yet to be seen." He identifies that "the mother of this child will be on maternity leave for three months" and that he will "have to support the family on a single income." But Father provides no evidence that the superior court did not consider these facts. On the contrary, the superior court was aware of the anticipated expense, as it found that "Father lives with his girlfriend and they are expecting a baby."

¶12        Father suggests that his expenses were unforeseeable because the new "child was admitted into the NICU." But Father admits that he has no evidence of these expenses, as they are "yet to be seen." We will not reverse a valid child support order upon allegations of changes that occurred *after* the order was issued. *See Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) ("The decision to modify an award of child support rests within the sound discretion of the trial court."). And Father is not without remedy. If he believes that his circumstances have changed after the birth of his new child, he can move to modify the order. *See* Guidelines § XIV.

¶13        Father claims that "[M]other did not file her Affidavit of Financial Statement on time" and that "the court granted her time to file after the court hearing." He argues that this was improper because it permitted Mother to have the "most updated information," while Father's affidavit was not similarly up-to-date. But Father fails to provide evidence that he requested the court's permission to update his financial information, if necessary. We note that the trial transcripts are not in the record on appeal. And it is the appellant's responsibility to include in the record transcripts or other documents necessary to resolve appellate issues. ARCAP 11(b), (c); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). Because we do not have trial transcripts or other documents, we must assume the missing record supports the superior court's findings about child support. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

¶14   Finally, Father claims that "[t]he amount of Parenting time is not sufficient." He argues that Child "should be allowed to spend more time with [her new sibling] . . . so that they may develop a healthy relationship." But the superior court considered Child's relationship with Father's family when assessing her best interests. Father gives no evidence to support a claim that the superior court's evaluation of Child's best interests was improper. We will not set aside the superior court's findings unless they are clearly erroneous. *See* ARFLP 82(a)(5). Father claims that Mother had "previously agreed to a 50/50 parenting time plan." He provides no documentary evidence of the alleged text message agreement. The parties documented, and the superior court found, that Mother and Father did not agree on a parenting plan.

¶15   We find no error in the superior court's order for legal decision-making, parenting time, and child support.

**CONCLUSION**

¶16   We affirm.

