NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

PAT VARGAS, *Petitioner/Appellant*,

*v.*

ANNA LISSA VARGAS, *Respondent/Appellee*.

No. 1 CA-CV 23-0741 FC
FILED 06-13-2024

Appeal from the Superior Court in Maricopa County
No. FN2022-002605
The Honorable Max Covil, Judge

**AFFIRMED**

COUNSEL

Michael L. Gertell, LLC, Phoenix
*Counsel for Petitioner/Appellant*

Anna Lissa Vargas, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Pat Vargas ("Husband") appeals from the superior court's decree of dissolution of marriage. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband married Anna Vargas ("Wife") in 2006. Husband and Wife do not have children together, but Husband has children from a prior relationship. After the couple wed, Wife stopped pursuing an education and began working as a medical assistant. She stayed home every other weekend to watch Husband's children while he worked. Husband and Wife owned a home in Phoenix, two cars, a travel trailer, and personal property in the home valued at $10,000. In June 2022, Husband filed for divorce.

¶3        At an evidentiary hearing, Husband maintained that he makes only $60,000 per year. Wife testified that Husband makes $80,000 per year and that his financial affidavit and partial tax returns did not reflect his full income. Wife also testified that she makes $38,000 per year and estimated it would take 5 years for her to complete her nursing degree. On her own, Wife will be unable to afford health insurance, which costs $500 per month.

¶4        Citing Wife's lack of property to meet her reasonable needs and her inability to be self-sufficient, the court found Wife eligible for spousal maintenance. The court also found Husband capable of paying spousal maintenance and ordered him to pay Wife $1,000 per month for a term of six years.

¶5        The court equally divided the community property. As part of this division, the court awarded Husband the travel trailer and personal property in the marital home. It ordered Husband to make equalization payments to Wife for her share of the property. In awarding wife her attorney fees, the court also found that Husband acted unreasonably in the litigation by failing to "provide any discovery/disclosure to [Wife]."

2

¶6           Husband timely appealed, and we have jurisdiction. A.R.S. §
12-120.21(A)(1). We note that Husband filed a "Notice of Transcript Order"
which indicated that he "ordered a transcript of the Evidentiary Hearing
held on August 9, 2023 from Escribers." But Husband did not file a
transcript with this Court.

## DISCUSSION

¶7           Husband challenges the superior court's award of spousal
maintenance to Wife and the order compelling him to pay Wife $5,000 in
equalization for personal property in the marital home. Wife did not file an
answering brief. When "a debatable issue is raised by the appeal, and no
reasonable excuse for appellee's failure to file a brief is shown, we [should]
assume the latter confesses error." *Navarro v. State*, 32 Ariz. 119, 120–21
(1927). Because Husband has not raised a debatable issue, we do not treat
Wife's failure to file an answering brief as a confession of error.

## I.     Spousal Maintenance

¶8           Husband argues Wife was ineligible for spousal maintenance.
He complains "there is no proof of [his] income" and the court awarded a
six-year term of maintenance despite Wife's testimony that she could obtain
a nursing degree in five years.

¶9           We review a spousal maintenance award for an abuse of
discretion, *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007), and affirm
if there is any reasonable evidence to support it, *Gutierrez v. Gutierrez*, 193
Ariz. 343, 348, ¶ 14 (App. 1998). To qualify for spousal maintenance, a
spouse must show eligibility under Section 25-319(A). If the requesting
spouse is found eligible, the court must consider both parties'
circumstances to determine whether, and in what amount, to grant an
award of spousal maintenance. A.R.S. § 25-319(B); *In re Marriage of Cotter*,
245 Ariz. 82, 85, ¶ 7 (App. 2018).

¶10          Because Husband did not file transcripts from the evidentiary
hearing, we presume the record supports the superior court's findings. *State
ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003); *see*
ARCAP 11(c) (it is appellant's duty to order and file transcripts for appeal).

¶11          The superior court determined that Wife was eligible for
spousal maintenance. It credited Wife's testimony that she makes $38,000
per year and is unable to afford an apartment or health insurance on her
own. *See* A.R.S. § 25-319(a)(2) (lack of earning ability to be self-sufficient
establishes eligibility for spousal maintenance). The court also noted the

3

only community property is the marital home, and that the parties had a long marriage. *See* A.R.S. § 25-319(a)(1), (5). Because we presume the record supports these findings, the court did not err in finding Wife eligible for spousal maintenance.

¶12        After considering the factors outlined in Section 25-319(B), the court ordered Husband to pay Wife $1,000 per month for six years. Husband claims that "there is no proof of [his] income," but the court heard conflicting testimony about Husband's income, and he failed to provide any discovery or disclosure to substantiate his testimony. The court resolved this conflicting testimony in favor of Wife, and we will not second-guess the court's resolution of conflicting testimony or matters of credibility. *Gutierrez*, 193 Ariz. at 348, ¶ 14. And again we presume the record supports the court's resolution. *Burton*, 205 Ariz. at 30, ¶ 16. We also presume there is evidence to support the court's decision to award spousal maintenance for six years, even though wife testified she only needed five years to obtain a nursing degree, given the absence of a transcript. *See id.* The court did not abuse its discretion.

## II.    Equalization Payment

¶13        We review the division of community property for an abuse of discretion. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000). Husband argues that the court erred by ordering him to pay Wife for half the value of personal property in the marital residence. He insists, "[t]here was no evidence to show that there was $10,000 in personal property [in the marital home]!" But again, because Husband did not file a transcript from the evidentiary hearing, we presume the evidence supports the court's valuation of the property in the home at $10,000. *Burton*, 205 Ariz. at 30, ¶ 16. As such, the court did not abuse its discretion by awarding the property to Husband and ordering him to pay half the value of the property to Wife.

## CONCLUSION

¶14        We affirm.

