NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ROMIO REZOANA, *Plaintiff/Appellee,*

*v.*

HOBBES CLARK LAVEY, *Defendant/Appellant.*

No. 1 CA-CV 25-0765 FC

FILED 05-13-2026

Appeal from the Superior Court in Maricopa County
No. FC2025-001574
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Romio Rezoana
*Plaintiff/Appellee*

Hobbes Clark LaVey, Gilbert
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1            Hobbes Clark LaVey appeals the continuation of an order of protection in favor of Romio Rezoana.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            LaVey and Rezoana have a child together.  Rezoana filed a petition for an order of protection in April 2025.  In support of her petition, she listed several incidents dating back to August 2022.  The most recent incident was sometime between December 2024 and February 2025 when LaVey allegedly placed a tracking device on her car without her knowledge.  She also alleged that between August 2022 and December 2023, LaVey punched, bit, and kicked her on three different occasions and threatened to kill her if she left him.

¶3            The superior court issued an ex parte protective order.  LaVey requested a contested hearing, at which both parties testified.  The superior court continued the protective order, finding a preponderance of the evidence showed that LaVey may commit an act of domestic violence or has committed an act of domestic violence within the past year.  The order did not specify which incident supported the protective order or list a statutory domestic violence offense.

¶4            LaVey timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(5)(b).  *See also* Ariz. R. Prot. Ord. P. 42(a)(2), (b)(2).

## DISCUSSION

¶5            We review the superior court's continuation of an order of protection following an evidentiary hearing for an abuse of discretion but review questions of law de novo.  *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018).  LaVey challenges the order of protection on several grounds.  At the outset, we note there is no transcript of the evidentiary hearing.  LaVey must ensure the record on appeal contains the transcripts necessary for this Court to consider the issues on appeal.  *See* ARCAP 11(c)(1); *State ex*

*rel. Dep't of Econ. Sec. v. Burton,* 205 Ariz. 27, 30, ¶ 16 (App. 2003). When such transcripts are not included, "we assume the missing portions of the record would support the [superior] court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16.

**¶6**          LaVey claims the protective order is based on hearsay evidence from Rezoana that a sheriff told her LaVey admitted placing a tracking device on her car. He argues that her hearsay testimony was unreliable and violated his right to due process. In a protective-order hearing, the court has discretion to admit any relevant evidence provided its probative value is not "substantially outweighed" by a countervailing danger, such as a lack of reliability. Ariz. R. Prot. Ord. P. 36(a); *see also Martinez v. Estes*, 258 Ariz. 354, 358, ¶ 14 (App. 2024) ("Relevant evidence, including hearsay, is generally admissible to obtain an injunction against harassment."). Additionally, according to Rezoana, the record also includes "independent, non-hearsay" evidence to support the order. Because we lack a transcript from the hearing, we presume the evidence at the hearing supported the allegation that LaVey placed a tracking device on Rezoana's car. *See Burton*, 205 Ariz. at 30, ¶ 16.

**¶7**          LaVey also challenges the evidence supporting Rezoana's allegation that he placed the tracking device on her car; cites evidence he presented to dispute the allegation; and attacks Rezoana's credibility. Not only is our review limited because there is no transcript, but LaVey asks this Court to reweigh the conflicting evidence presented to the superior court. We defer to the superior court's determinations of witness credibility and do not reweigh the evidence. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶8**          For a protective order to remain in effect after a contested hearing, the petitioner must prove by a preponderance of the evidence that the respondent either committed an act of domestic violence within the preceding year, or longer if there is good cause to look beyond one year, or that the respondent may commit domestic violence in the future. A.R.S. § 13-3602(E)(1), (2); Ariz. R. Prot. Ord. P. 23(e)(1), 38(g)(3); *Kamma v. Gaun,* --- Ariz. ---, ---, ¶ 5, 584 P.3d 534, 536, ¶ 5 (App. 2025). Because LaVey and Rezoana have a child in common, harassment constitutes domestic violence. *See* A.R.S. §§ 13-3601(A)(2), -2921.

**¶9**          As relevant here, a person commits harassment if he knowingly surveils another person in a manner that harasses. A.R.S. § 13-2921(A)(3). "'[H]arass' means conduct that is directed at a specific person and that would cause a reasonable person to be seriously alarmed,

annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." A.R.S. § 13-2921(E); *see also* Ariz. R. Prot. Ord. P. 3(e).

**¶10**         LaVey suggests that placing a tracking device on Rezoana's car was an "isolated or trivial incident" that cannot support the protective order. The statutory definition of harass does not require multiple acts. *See* A.R.S. §§ 13-2921(A)(3), -2921(E); *compare Du v. McGeary,* 2 CA-CV 2023-0204, 2024 WL 3319828, at *2, ¶ 9 (Ariz. App. July 5, 2024) (mem. decision) ("An order of protection [based on § 13-3602] requires only a single act of domestic violence or threat of the same."), *with Wood v. Abril,* 244 Ariz. 436, 438, ¶¶ 7–11 (App. 2018) (vacating an injunction against harassment under A.R.S. § 12-1809 based on a single act because that statute requires a "series of acts"). Furthermore, we assume the evidence showed that LaVey's conduct was not trivial and, in fact, caused Rezoana serious alarm or mental distress. *See Burton,* 205 Ariz. at 30, ¶ 16. Because this conduct supports the order of protection, we need not address the other allegations in LaVey's petition. *See* A.R.S. § 13-3602(E); *Progressive Specialty Ins. Co. v. Farmers Ins. Co.,* 143 Ariz. 547, 548 (App. 1985) (explaining appellate courts should not decide questions unnecessary to disposition of appeal).

## CONCLUSION

**¶11**         We affirm the order of protection.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR