NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARIA EMMA SOSA, *Petitioner/Appellant*,

*v.*

MARIO PARRA, *Respondent/Appellee*.

No. 1 CA-CV 22-0331 FC
FILED 12-20-2022

Appeal from the Superior Court in Maricopa County
No.  FC2006-052058
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

APPEARANCE

Maria Emma Sosa, Buckeye
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        Maria Emma Sosa ("Mother") appeals the superior court's post-dissolution order modifying legal decision-making authority, parenting time, and child support, and awarding Mother $2,145 for uncovered medical expenses.  For reasons that follow, we affirm.

¶2        Mother and Mario Parra ("Father") are the parents of two children, one of whom turned 18 in March 2022.  The parties divorced in 2010.  In 2019, they stipulated to a modification, giving Mother sole legal decision-making authority and granting Father parenting time three or four weekends each month.  The parties also agreed to equally split the cost of uncovered medical and dental expenses.

¶3        Nearly two years later, Mother sought to modify the parenting-time orders and to enforce the provision for uncovered medical and dental expenses, claiming that Father owed nearly $5,000.  Father counter-petitioned for sole legal decision-making authority and asked to be the primary residential parent, giving Mother parenting time every other weekend.  He claimed he had "attempted to send" her money to pay the uncovered medical and dental expenses for which she asked for reimbursement.

¶4        After an evidentiary hearing, the superior court ordered joint legal decision-making authority and a two-week on/two-week off parenting time plan once school resumed in August 2022.  The court found that Father owed Mother $2,145 for uncovered medical and dental expenses.  Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

¶5        Mother challenges the orders for joint legal decision-making authority and equal parenting time on several grounds.  We review these orders for an abuse of discretion.  *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).  Father did not file an answering brief, which we may treat as a confession of error.  *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App.

2002). However, we decline to do so here because a child's best interests are involved. *Id.*

**¶6**        Our review is hindered by Mother's failure to provide a transcript and her failure to cite the record. It is the appellant's duty to ensure the record on appeal contains the transcripts necessary for consideration of the issues on appeal. *See* ARCAP 11(c); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). When the appellant fails to provide the transcripts, "we assume the missing portions of the record would support the trial court's findings and conclusions." *Id.*

**¶7**        Mother disputes many of the superior court's findings and how it weighed the conflicting evidence on the child's best interests. In its order, the court considered the relevant statutory factors and made the requisite written findings. *See* A.R.S. § 25-403. Because Mother did not provide a transcript or cite any evidence in the record supporting her arguments, we presume the record supports these factual findings. *See* ARCAP 11(c), 13(d); *Burton*, 205 Ariz. at 30, ¶ 16. On appeal, we do not reweigh the conflicting evidence or how the court balanced the best-interests factors. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Thus, we cannot say the court abused its discretion.

**¶8**        Mother also argues the court made a factual mistake when it found that the parties stipulated to Mother's sole legal decision-making authority in 2019 because she had been the primary residential parent since 2006. The court did not err. The parties stipulated to Mother's sole legal decision-making authority in 2019. And elsewhere in the order, the court found that Mother was the primary caregiver since birth and the primary residential parent before 2021. We do not reconsider how these facts weighed in the court's decision. *Id.*

**¶9**        Mother contends the court erred in addressing her request for reimbursement. We review a ruling on a post-decree petition for an abuse of discretion. *See In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011).

**¶10**        The court found that despite the parties' "lax" communication about reimbursement requests, the evidence showed that Mother asked Father to pay $3,380 for the "braces and hospital balance." The court then credited Father with $1,235 he paid to Mother in late 2020

and ordered him to pay the balance of $2,145. Mother contends the payments attributed to Father were not for uncovered medical and dental expenses or were for the other child. Absent a transcript, we cannot say that the court abused its discretion. *See Burton*, 205 Ariz. at 30, ¶ 16. Accordingly, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4