NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

In re the Marriage of:

JIN DONG LI, *Petitioner/Appellant,*

*v.*

XIAO YUN ZHAO, *Respondent/Appellee.*

No. 1 CA-CV 22-0378 FC

FILED 5-4-2023

_____

Appeal from the Superior Court in Maricopa County
No.  FN2020-096616
The Honorable Lisa S. Wahlin, Judge

**AFFIRMED**

_____

APPEARANCES

Jin Dong Li, Scottsdale
*Petitioner/Appellant*

Colburn Hintze Maletta, PLLC, Phoenix
By Henry Alzate, Darin R. Colburn, Timothy M. Hintze, David J. Maletta
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

¶1      Jin Dong Li (Husband) appeals the dissolution decree (Decree) ending his marriage to Xiao Yun Zhao (Wife). He argues the court erred by awarding spousal maintenance and in dividing certain property. For the reasons below, we affirm.

## BACKGROUND[1]

¶2      Husband and Wife married in China, later immigrating to the United States. After 40 years of marriage, the parties separated in August 2020. Husband petitioned for dissolution of marriage without minor children in September, and Wife accepted service later that month.

¶3      Both parties testified at trial. Wife offered multiple exhibits into evidence concerning her health issues and the parties' finances. Husband did not successfully introduce any documentary evidence.

¶4      The family court then entered the Decree awarding spousal maintenance to Wife, dividing property equally, and dissolving the parties' marriage. Under the terms of the Decree, the marital home was to be listed for sale, and Husband was to reimburse Wife for half of the necessary household expenses (utilities, HOA fees and penalties, HOA-required repairs, and property taxes) she paid after the parties' separation out of her half of the monies the parties divided upon separation. Wife filed a motion to clarify and correct the Decree, arguing the court "misunderst[oo]d the nature of the various accounts" and erred in their distribution. *See* Ariz. R. Fam. Law P. (Rule) 83. The court denied this motion, citing the parties' failure to present clear evidence. Husband timely appealed.

---

[1]    We view the evidence in the light most favorable to sustaining the family court's decision. *Motel 6 Operating Ltd. P'ship v. City of Flagstaff*, 195 Ariz. 569, 571, ¶ 7 (App. 1999) (citation omitted).

**DISCUSSION**

**¶5**        Husband raises seven issues on appeal, asking us to "correct" or "revoke" various portions of the Decree. We review for an abuse of discretion. *See Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014) (spousal maintenance); *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007) (allocation of property).

**¶6**        To begin, we note that Husband failed to cite relevant legal authority or to present and develop arguments for any of his claims. Because Husband also failed to provide the trial transcript, "we assume the missing [transcript] would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003); *see also Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). By failing to present reviewable arguments, Husband has waived these issues on appeal. *See* ARCAP 13(a)(7); *see also In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013). Waiver aside, we try to discern and address Husband's contentions.

## I.        Spousal Maintenance

**¶7**        First, Husband asks us to vacate the spousal maintenance award. The court awarded Wife $200 per month in spousal maintenance for an indefinite term. It found Wife eligible based on the duration of the parties' marriage (40 years) and Wife's "health problems that have prevented her from working in [recent] years." *See* A.R.S. § 25-319(A)(2), (5). The court noted Wife's age (now 69 years), and found that although she was "receiving a substantial amount of assets in the divorce," "Husband [wa]s still able to work . . ., whereas Wife's health conditions prevent[ed] her from working." *See* A.R.S. § 25-319(B). "[U]nable to find that [Wife] ha[d] or will have the ability to achieve financial independence," the court imposed spousal maintenance for an indefinite term. *See Rainwater v. Rainwater*, 177 Ariz. 500, 503–05 (App. 1993); *see also* A.R.S. § 25-327(A) (providing for modification "on a showing of changed circumstances that are substantial and continuing").

**¶8**        Husband challenges these findings, arguing Wife had faked her illness and his earning ability had decreased because of his own health issues. He also argues the divorce was Wife's idea, she had "controlle[d]" their finances, and she would be receiving "her full [social security] money" in two years. In support of his argument, he relies on "exhibits" not

admitted at trial and not part of the record, along with annotated excerpts from Wife's extensive medical records, which were admitted at trial. But we will not consider new evidence on appeal and must disregard Husband's unadmitted exhibits. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Even if Husband had provided the trial transcript, we will not second-guess the parties' credibility or reweigh conflicting evidence. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) (deferring to the family court on determinations of witness credibility and the weight given to conflicting evidence). Having made detailed findings under A.R.S. § 25-319, the court acted within its sound discretion in awarding spousal maintenance to Wife. We affirm that award.

## II. Personal Property

**¶9**        Second, Husband urges us to vacate the portion of the Decree awarding Wife her grandmother's ring. Husband argues that Wife did not disclose her request for the ring before trial. Not so. In Wife's pretrial statement, which was timely filed with the court and emailed to Husband, she alleged that Husband had taken the ring and asked for its return. Next, Husband claims he "missed" the request at trial because he was unfamiliar with the court process. This argument is unavailing; self-represented litigants "are held to the same standards as attorneys." *In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13 (App. 2008). Finally, he attacks Wife's credibility, asserting the ring "has never existed" and Wife failed to prove Husband had taken it. But Husband waived this argument by not providing the trial transcript. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) ("[T]he family court is in the best position to judge the credibility of witnesses."); *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996) (holding that when the appellate record is incomplete, "we presume that the record before the trial court supported its decision"). In any case, the court did not err in awarding Wife her grandmother's ring. A.R.S. § 25-211(A)(1) (treating gifted property as sole and separate property); *see also In re Marriage of Thorn*, 235 Ariz. 216, 221, ¶ 21 (App. 2014) (affirming family court's authority to order return of party's sole and separate property).

**¶10**        Third, Husband disagrees with the court's orders regarding the parties' 2016 Honda Accord. The court valued the car at "roughly $20,000" and awarded it to Husband, with Wife receiving a joint savings account as an equalization payment. On appeal, Husband advances two contradictory positions. In his opening brief, Husband argues the car is worth $16,000 "maximum" and renews his stance that the court overvalued the car. We assume the missing transcript would support the court's valuation. *See Burton*, 205 Ariz. at 30, ¶ 16. Then in his reply brief, Husband

asks us to award the car to Wife and award him the joint savings account. We will not consider arguments first advanced in a reply brief. *See In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 25 n.5 (App. 2000). We find no abuse of discretion in awarding Wife the joint savings account (valued at roughly $22,0000) to equalize the property division and do not entertain his alternate request.

¶11     Fourth, Husband asks us to compel Wife to return two car keys and "personal documents," including his citizenship papers and passports. In the alternative, he asks us to order Wife to pay $3,000 for changing the car keys and $500 to renew his citizenship documents. Wife alleged below that she did not have Husband's immigration documents, and in her answering brief, Wife argues she "has provided all Husband's belongings and documents" in her possession. The Decree is silent on these requests, but we cannot say that the court erred in failing to address the issues without the trial transcript. *See Burton*, 205 Ariz. at 30, ¶ 16; *see also Vincent*, 238 Ariz. at 155, ¶ 18 (deferring to family court on credibility). We therefore affirm the court's division of personal property.

## III.     Distribution of Financial Accounts

¶12     Fifth, Husband asserts the court erred in distributing the parties' financial assets. The parties had several bank and investment accounts, as well as American and Chinese stock. Husband and Wife each received their respective Roth IRA and IRA accounts, and Wife received a Charles Schwab account in her name. The court divided all other accounts equally, along with the stock. By Husband's math, Wife owes him roughly $45,000 in cash and $60,000 in stocks due to the court's unequal division and erroneous valuation of certain accounts.

¶13     Husband argues that Wife's Charles Schwab account—which he labels as "[Z]hao's"—is empty but should be split equally if there is money remaining. He cites no evidence to support this claim, and in any case, we presume the missing trial transcript would support the court's ruling. *See Burton*, 205 Ariz. at 30, ¶ 16. Husband next argues the court ascribed incorrect values to other accounts. He urges the attribution of over $135,000 between three accounts and asks us to amend the value of a fourth.[2] But Husband did not offer any bank statements or other exhibits at

---

[2]     Husband has waived his argument that the relevant date for property division is in August by not raising the issue in his opening brief. *See Pownall*, 197 Ariz. at 583, ¶ 25 n.5. Even so, the court did not err in using

trial to support his contention. Wife did offer exhibits that were admitted; however, they do not cover all the parties' accounts. When denying Wife's Rule 83 motion, the family court noted "there was very little testimony regarding the individual accounts and the testimony that was provided was not clear." The lack of evidence required the court "to exercise [its] best judgment" in reaching a fair and equitable division of the community estate. *See Reed v. Reed*, 82 Ariz. 168, 172 (1957) (stating that a party's "fail[ure] to adduce evidence of the value [of property] is not to be blamed on the trial judge"). Finding no error, we affirm the court's division of financial assets.

## IV.    Marital Home and Related Expenses

**¶14**         Sixth, Husband asks us to appoint a broker to sell the marital home, suggesting that Wife has delayed the process. Provisions contained in a decree are matters for the family court to enforce. Husband must first seek relief there. *See* Ariz. R. Fam. Law P. 91(b). Alternatively, Husband argues in his reply brief that the parties should rent the home to generate income, but again, that is an issue for the family court to address. Our job on appeal is not to grant affirmative relief, but to review the superior court's rulings for error. *See Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 283–84, ¶ 12 (2009) (noting limits on appellate jurisdiction), *superseded by statute on other grounds*; *see also* A.R.S. § 12-2101(A)(1). Discerning no error, we affirm the court's orders regarding liquidating the family home.

**¶15**         Last, Husband urges us to vacate the portion of the Decree requiring him to reimburse Wife for half of the utility bills she incurred after Husband vacated the marital home and rented his own apartment. Instead, he argues Wife should pay half of his rent because she was occupying the marital home and "us[ing] the [utilities] by herself." A spouse who pays to maintain community property is entitled to reimbursement from the non-contributing spouse. *See Ferrill v. Ferrill*, 253 Ariz. 393, 397, ¶¶ 12–13 (App. 2022). Here, Husband and Wife began dividing their community assets around the time of their separation. Given the limited record before us, we cannot be certain Wife used only these funds to pay for the marital home's utilities. But without the transcript, we cannot say that the court erred in finding reimbursement of utilities necessary to equally divide the parties' community property. *See Burton*, 205 Ariz. at 30, ¶ 16; *accord Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017) (holding that payments out of

---

the date of service for valuation of the various accounts. *See* A.R.S. §§ 25-211(A)(2), 25-213(B) (characterizing property based on date of service).

separate property "must be accounted for in an equitable property distribution").

**¶16**      Nor is Husband entitled to half of his rent. He failed to provide the family court with payment records or a copy of his lease. Moreover, any rent obligations are Husband's alone. *See* A.R.S. § 25-214(C) (requiring "joinder of both spouses" to "acqui[re] . . . an interest in real property" during marriage, and "[t]o bind the community" in any capacity post-service). We affirm the Decree as it relates to the marital home.

## CONCLUSION

**¶17**      For the reasons above, we affirm. Wife requests her attorneys' fees under ARCAP 21 and A.R.S. § 25-324, arguing Husband has both substantially more resources than Wife and acted unreasonably by filing this appeal. In our discretion, we deny Wife's fee request. She is, however, entitled to costs as the prevailing party subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:      AA

7