NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TIA C., *Petitioner/Appellant,*

*v.*

GABRIEL V., *Respondent/Appellee.*

No. 1 CA-CV 23-0519 FC
FILED 4-30-2024

Appeal from the Superior Court in Maricopa County
No.  FC2017-054467
The Honorable Ashley B. Rahaman, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Tia C., Peoria
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 Tia C. (Mother) appeals the superior court's order modifying legal decision-making authority and parenting time.[1] She also challenges the denial of her petition for enforcement and contempt against Gabriel V. (Father). We vacate and remand for consideration of a single issue concerning the enforcement aspect of Mother's enforcement and contempt petition. We otherwise affirm.

## BACKGROUND

¶2 Mother and Father have three children in common: Jessica, born in 2006; Gavin, born in 2014; and Justin, born in 2015.[2] In late 2017, Mother petitioned the superior court to establish paternity, legal decision-making authority, parenting time, and child support. From that point on, the children mainly resided with Mother but visited Father regularly.

¶3 In the fall of 2018, Mother accused Father of physically abusing Gavin and Justin, and later added an accusation of sexual abuse. As a result, the court briefly suspended Father's parenting time and imposed a supervision requirement. Mother disclosed that her minor sister had also accused Father of sexual molestation in 2012. The police and the Department of Child Safety (DCS) investigated but took no action because the children disclosed no abuse. During an interview with the Court Appointed Advisor, Jessica admitted that Mother had told her not to say good things about Father. Jessica also stated Father had never touched her inappropriately and she did not believe Father would touch either of the boys inappropriately.

---

[1] To safeguard the children's identities, it is ordered that the clerk of the court shall amend the caption of this appeal as shown above. The above caption shall be used on all future documents filed in this matter.
[2] We use pseudonyms for the children.

¶4            The court held a trial on Mother's initial petition in November 2018, and in January 2019 entered an order establishing joint legal decision-making authority and giving Father substantial unsupervised parenting time. Almost immediately, Mother petitioned the court to modify the order to eliminate Father's parenting time based on continuing sexual abuse of Gavin and Justin. The court denied that petition.

¶5            In late September 2021, Mother contacted the police to reiterate her previous allegations that Gavin and Justin were being abused. She also reported that Father had been threatening suicide, the children did not want to go to his home, and Jessica was self-harming. Soon thereafter, Mother petitioned the court to modify its January 2019 order to give her sole legal decision-making authority and parenting time. Mother then reported Father to the police for abusing Jessica, though she did not specify how. A few days later, Mother took Jessica to a medical appointment, where Jessica disclosed that Father was physically aggressive toward her brothers and had touched her sexually.

¶6            The police and DCS again investigated, and again found no grounds for action. Gavin and Justin disclosed no abuse. And though Jessica stated that Father had touched her sexually once in the past, she tied that statement to what she said Mother had told her about her aunt's accusation. The only other touching Jessica reported was a recent incident where Father tapped her thigh and groin area as she sat beside him in a car.

¶7            In late November 2021, Father filed a cross-petition to modify legal decision-making authority and parenting time based on Mother's repeated unproven abuse allegations. A few days later, Jessica had a fight with Father and attempted suicide. Soon thereafter, the court entered temporary orders giving Father final say on legal decision-making and giving Mother limited supervised parenting time. The court emphasized that Mother appeared to be coaching the children to make allegations of abuse, and that unsupervised parenting time would endanger them.

¶8            Over the next six months, Jessica repeated her previous abuse disclosures in therapy. Again, the police and DCS investigated—and again, they found no grounds for action. Both the Court Appointed Advisor and the children's Best Interests Attorney told the court that they were concerned Mother was continuing to unduly influence Jessica.

¶9            In November 2022, the court held Father in contempt for withholding parenting time. The court also found that, contrary to court orders, he had not secured counseling services for the children and that they

were often tardy or absent from school while in his care. Among other things, the court ordered Father to promptly secure counseling for the children.

**¶10** Mother then filed several motions to modify legal decision-making authority and parenting time, again alleging that Father abused the children. The court largely denied those motions, but in February 2023 removed the requirement that Mother's parenting time be supervised. In early March 2023, Mother reported Father to DCS twice, and DCS again found the reports unsubstantiated.

**¶11** In April 2023, the parties' competing petitions to modify decision-making authority and parenting time finally went to trial. The trial also took up Mother's motion for enforcement and contempt based on Father's alleged non-compliance with orders requiring him to provide the children counseling and to pay child support, medical insurance, medical expenses, and supervision costs.

**¶12** At the trial, Mother did not claim definitively that the children had been sexually abused, but testified that she had "serious concerns about" the matter and believed the allegations were not properly investigated. Father testified that the children were doing well, with Gavin and Justin exhibiting no concerning behaviors and Jessica enjoying school.

**¶13** In June 2023, in a detailed minute entry, the court ordered that Father be awarded sole legal decision-making authority and that Mother be awarded unsupervised parenting time for two hours each week, plus two additional hours each month. The court found that "Mother's behavior since 2017 is among the most pervasive and upsetting this Court has seen." The court found that Mother had engaged in a "years-long campaign . . . to limit [F]ather's contact with the children" via "manipulation" of Jessica and the "reckless weaponization of the Department of Child Safety, law enforcement, and this Court in perpetuating the unsupported allegation that Father has committed one of the worst crimes one can be accused of as a parent, the sexual abuse of his children." The court said that for it to consider expanding Mother's parenting time, Mother should undertake a forensic psychological examination and participate in individual counseling.

**¶14** The court denied Mother's enforcement and contempt petition based on an absence of testimony, referred the question of modified

child support to a Title IV-D commissioner,[3] and entered judgment under Ariz. R. Fam. L. P. 78(b).

¶15        Mother appealed.

## DISCUSSION

¶16        Mother makes many arguments on appeal.[4] Her arguments are moot insofar as they relate to legal decision-making and parenting time regarding Jessica, because she is now 18 years old. *See* A.R.S. § 1-215(6) (defining "child" as a person under eighteen years of age); A.R.S. § 25-401(3), (5) (providing that legal decision-making authority and parenting time concern rights and schedules pertaining to a "child"). We also do not consider Mother's arguments about the temporary orders and the contempt adjudication because such rulings must be challenged by special action. *See Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017) (regarding temporary orders); *State ex rel. Dep't Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003) (regarding contempt). Nor do we consider Mother's arguments about separate protective-order proceedings or rulings post-dating the order appealed. We address the balance of Mother's arguments in turn, construing them to the best of our ability.

## I.    Judicial Bias and Delay

¶17        We first address Mother's arguments that the court was biased against her and that the proceedings were delayed and involved too many judge changes. We reject those arguments.

¶18        Nothing in the record suggests that the court was biased. Though the court criticized Mother, it did so in the context of factual findings that, as we explain below, were supported by evidence. Further, nothing in the record shows that any changes in assigned judges were anything but routine. To be sure, there was delay in resolving the parties' competing petitions to modify. But the parties were actively litigating during that time, and the court entered temporary orders that addressed the disputed issues in the interim.

---

[3]        *See* 42 U.S.C. §§ 651–669.

[4]        Father did not file an answering brief. We decline to regard this as confession of error because children's best interests are at stake. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002).

## II.  Modification of Legal Decision-Making Authority and Parenting Time

**¶19**　　　We next address Mother's argument that the modifications of both legal decision-making authority and parenting time were based on insufficient evidence and false testimony. We reject that argument.

**¶20**　　　The court may grant a procedurally proper request to modify legal decision-making authority and parenting time if the circumstances have changed since entry of the last order. *Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 10 (App. 2018); *see* A.R.S. § 25-411. If the circumstances have changed, under A.R.S. § 25-403 the court "shall determine legal decision-making and parenting time . . . in accordance with the best interests of the child[ren]," considering all relevant factors and, in contested cases, making express findings under the statute. The court must also consider domestic violence and child abuse, substance abuse, and sexual offenses under A.R.S. §§ 25-403.03 to -403.05. For legal decision-making authority, the court must also consider the factors set forth in A.R.S. § 25-403.01(B). We review the court's factor-based determinations for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). The court abuses its discretion if no evidence supports its decisions, *Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179 (1982), or if it fails to make statutorily required findings, *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009). We do not reweigh conflicting evidence, and we defer to the court's credibility determinations. *Id.* at 52, ¶ 16.

**¶21**　　　The court reasonably found that Jessica's mental health concerns and Mother's new abuse allegations constituted a change in circumstances. The court then made detailed findings on all statutorily applicable factors under A.R.S. §§ 25-403, -403.01, -403.03, -403.04, and -403.05. Evidence supports those findings and the court's determinations regarding what allocation of legal decision-making authority and parenting time would serve the children's best interests. Among other things, evidence showed the following: Mother made escalating abuse allegations against Father, coached at least one of the children regarding the claims, and refused to stop making the allegations even though investigations proved the allegations unsubstantiated on multiple occasions—and despite that fact that she did not express certainty as to the allegations' truth during her testimony at trial. As a result of Mother's repeated reports of abuse, Gavin and Justin had to undergo multiple interviews and miss parenting time with Father. However, Father managed to maintain a relationship with Gavin and Justin, and their behaviors improved while in his primary care. On this record, we find no abuse of discretion in the court's findings or its

determination that sole legal decision-making authority for Father and limited parenting time for Mother served Gavin and Justin's best interests.

**¶22**        Mother contends that the parenting time she received is not enough to permit her to maintain a meaningful relationship with Gavin and Justin. The superior court has discretion to allocate parenting time in accord with the children's best interests and safety. *See* A.R.S. §§ 25-403(A) (providing that parenting time shall be determined, "either originally or on petition for modification, in accordance with the best interests of the child"), -403.02(B) (providing that "[c]onsistent with the child's best interests," the court must adopt a parenting plan "that maximizes [the parents'] respective parenting time"), -411(J) (providing that modification of parenting time "shall not restrict a parent's parenting time rights unless [the court] finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health"); *Smith v. Smith*, 253 Ariz. 43, 47, ¶¶ 17–18 (App. 2022) (explaining that statutes do not create a presumption of equal parenting time). Here, given Mother's pattern of conduct and its risks to Gavin and Justin's emotional health, we find no abuse of discretion in the court's orders limiting Mother's parenting time. We also find no abuse of discretion in the court's recommendation that Mother undergo a forensic psychological evaluation and counseling before seeking more parenting time.

### III.    Enforcement and Contempt Petition

**¶23**        Mother next argues that the court erred by denying her enforcement and contempt petition based on the absence of testimony. She argues that she did present testimony and would have presented more if given adequate time. We address Mother's arguments as they relate to the enforcement aspect of her petition only. *See Burton*, 205 Ariz. at 30, ¶ 18 (recognizing absence of appellate jurisdiction over contempt adjudications). We reject Mother's arguments, with one exception.

**¶24**        We first address Mother's argument that she was given inadequate time at trial to address the enforcement and contempt petition. The court has discretion to impose reasonable time limits both before and during trial, but to ensure due process, must allow additional time if it becomes apparent that the court will otherwise be deprived of adequate testimony to perform its essential tasks. *Volk v. Brame*, 235 Ariz. 462, 468–69, ¶¶ 19–22 (App. 2014). Mother was given more than two hours to present her evidence, and she neither objected to the time limit nor requested more time at trial. On this record we conclude that she had sufficient opportunity to make her case.

¶25 We next address Mother's argument that she presented testimony supporting the enforcement and contempt petition. Our review of the trial transcript reveals that though Mother tried to question the Court Appointed Advisor about Father's non-payment of child support and medical insurance, she ultimately elicited no relevant testimony on those or any other financial matters. The court did, however, hear testimony from Mother, Father, and the Court Appointed Advisor that Father had not provided counseling for Gavin and Justin—something that he had to do under court order. We therefore conclude that the court erred insofar as it found no evidence presented regarding the counseling aspect of the enforcement portion of Mother's petition. We vacate and remand for the court to consider the petition with respect to the narrow issue of enforcing the order requiring counseling for Gavin and Justin.

## CONCLUSION

¶26 We affirm the June 2023 order's modification of legal decision-making authority and parenting time, and we largely affirm the order's denial of Mother's enforcement and contempt petition. We vacate and remand the denial of the enforcement and contempt petition insofar as it relates to enforcement of the order for Gavin and Justin's counseling. We deny Mother's request for attorneys' fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA

8